# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Alicia ELLIS<br>2455 Cook Rd.,<br>Spring Valley, Ohio 453790,<br>                Plaintiff, | Case No. _____<br><br>Judge_____ |
| -vs- | COMPLAINT<br>1. Sex discrimination (42 USC 2000e)<br>2. Sex discrimination (Ohio RC 4112.02)<br>3. Retaliation (42 USC 2000e-3)<br>4. Retaliation (Ohio RC 4112.02 (I))<br>5. Public Servant Intimidation<br>6. Intentional Infliction of Serious Emot. D.<br>7. Assault<br>8. Negligent Ret. of dangerous employee |
| CLINTON COUNTY, OHIO,<br>Care of BOARD OF COMMISSIONERS,<br>1850 Davids Drive, Suite 208<br>Wilmington, Ohio, 45177,<br>                Defendant, | |
| -and- | <u>JURY DEMAND</u> |
| RALPH D. FIZER, JR., SHERIFF,<br>CLINTON COUNTY, OHIO,<br>1645 Davids Drive,<br>Wilmington, Ohio 45177,<br>                Defendant. | (STANDARD TRACK REQUESTED) |
| -and- | |
| SHERIFF OFFICE OF<br>CLINTON COUNTY, OHIO,<br>1645 Davids Drive,<br>Wilmington, Ohio 45177,<br>                Defendant. | |

Now comes the Plaintiff Alicia ELLIS and for her cause of action says the following:

## JURISDICTION

This Court has jurisdiction over the claims in this case pursuant to 28 USC 1331 related to original jurisdiction over federal causes of action including for violations of Title VII of the Civil Rights Act of 1964 as amended, to wit: 42 USC 2000e *et seq*. 28 USC 1331 states "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has supplemental jurisdiction over various state law claims plead in this action under 28 USC 1367 (a) as they are derived from a common nucleus of facts that include those plead in the federal causes of action in this case. This case cleared EEOC vetting in Case No. 473202300525 on 28 APRIL 2023 and a 90 day right to sue letter was issued accordingly.

## FACTS

### Parties

1. Alicia ELLIS is a 35 year old white female resident of Greene County, Ohio and a licensed law enforcement officer employed by the Clinton County, Ohio Sheriff's Office.

2. Defendant CLINTON COUNTY, Ohio is corporate and political body within the meaning of Ohio RC 301.22 and capable of being sued for violations of State and Federal law. CLINTON COUNTY is governed by a Board of Commissioners who as an executive are ultimately responsible for everything the government of the County and its lower offices and law enforcement agencies do and do not do in their official capacity. CLINTON COUNTY via its duly authorized or ratified after the fact conduct of its agents acted under color of law at all times relevant.

3. Defendant CLINTON COUNTY, OHIO is policed by Defendant RALPH D. FIZER, JR., SHERIFF of CLINTON COUNTY, OHIO, acting under color of law at all times relevant, sued in his personal and official capacity given his dereliction of duty and incompetence as a chief law enforcement officer as discussed *infra*.

4. Defendant CLINTON COUNTY, OHIO is also policed by the Defendant SHERIFF's OFFICE of CLINTON COUNTY, OHIO who has acted under color of law at all times relevant in this case. The Defendant CLINTON COUNTY SHERIFF's office has 10 and up to 17 employees at times relevant in this case.

Background Information

5.  Officer Alicia ELLIS began her law enforcement career as a Sherriff's deputy for all of the CLINTON COUNTY Defendants on May 24, 2016. ELLIS is a graduate of an Ohio police academy, valedictorian of her graduating class. Her most recent duties involve road patrol in Clinton County and she was officer in charge (OIC) of her department at least two nights a week, working the 3rd shift. ELLIS estimates in her career she has made over 500 arrests and is a veteran of police combat. ELLIS is a member of a collective bargaining unit during certain periods of her employment but the causes of action in this matter are not preempted by any CBA grievance remedy as this is not an action of breach of labor agreement or other related issue. Ohio RC 4117.10 (A)(1) *et seq.*

6.  Defendant's Sheriff Department watch commander who supervised the Plaintiff in 2023 was Sgt. Terrance MEEHAN. The mission of a watch commander is to supervise the officers in the Sheriff's department in the absence of the commanding officer, Sheriff FIZER, because he cannot be present all 24 hours of the day at the department but is still responsible for its operations and efficacy as a matter of duty.

7.  Defendant's agent Colonel Brian L. PRICKETT is the Chief Deputy of the Defendant CLINTON COUNTY SHERIFF OFFICE who also supervised the Plaintiff.

8.  Lieutenant Michael N. KASSINOS is a patrol supervisor for the Defendant CLINTON COUNTY SHERIFF OFFICE (CCSO hereafter) who also supervised the Plaintiff.

9.  Sgt. Tim SMITH is a field training officer (FTO) for CCSO who supervised the Plaintiff at times relevant.

Transactional Facts

10. Starting in 2016 SMITH began a pattern of making sexually harassing telephone calls and texts to ELLIS which she advised were not welcome and through 2023 SMITH has engaged in making up rumors about the Plaintiff being the object of sexual attention by male employees and in fact in an act of retaliation, advised he was intentionally giving her a poor performance review after she refused to accept his harassing messages and claimed he had to do it so that "people would not think we were fucking."

11. Starting later in 2016 and 2017 MEEHAN was the Plaintiff's training officer and began to pursue the Plaintiff for sexual favors and sent her a text of his erect penis. Plaintiff asked the

3

Sheriff's department to transfer her to another shift and MEEHAN then threatened Plaintiff with retaliation claiming that when he is promoted to sergeant "things are going to change around her little missy."

12. MEEHAN was promoted to Sergeant about 30 days later and while the Plaintiff was using a female restroom stall at the SHERIFF'S office he pushed into the facility while she was in a state of partial undress and demanded she answer his questions about a suspect's citation and change a court date, said demand which was a ruse, given a juror can infer he wanted to engage in what amounts to an act of sexual harassment voyeurism. Plaintiff instructed him to leave her alone and get out and he ignored her demand and she made a complaint to PRICKETT about MEEHAN demanding that he be disciplined. The Defendant spoliated a security camera video record of the incident after the Plaintiff made a demand that it be produced. Defendant SHERIFF's office claimed the Plaintiff had no evidence and did nothing to MEEHAN. Plaintiff then advised she recorded the incident on her cell phone audio device.

13. PRICKETT then interrogated the Plaintiff about the incident and when he found she had made a record of the sexual harassment and invasion of Plaintiffs' privacy by MEEHAN, charged her with insubordination in retaliation. When the absurdity of the charge of insubordination was made evident, the Defendant SHERIFF's office accused the Plaintiff of not sufficiently retracing her words in a citation and suspended her without pay for two days and refused to let the Plaintiff defend herself by having access to her alleged disciplinary record. The said sham discipline was retaliatory.

14. In 2018 MEEHAN later admitted in private to the Plaintiff he had no problem with her retracing paperwork. MEEHAN advised the Plaintiff to not speak about the picture of his penis because if she did she would never be promoted.

15. In 2017 Plaintiff was jabbed by a hypodermic needle possessed by a suspect under arrest and while being given an emergency medical exam for HIV defense at a ER, Defendant's Sergeant KIRK pushed his way into the examination room while the Plaintiff was undressed and claim he had to watch "for worker's compensation purposes." Plaintiff demanded that KIRK leave and he refused and stayed there smiling at the Plaintiff while she was being examined and discussed her intimate medical history with hospital staff. Plaintiff does not have HIV. In 2018 Plaintiff learned that SMITH was publishing pictures of the Plaintiff to other officers that showed her in the exam room in a state of undress. Plaintiff complained to PRICKETT about this incident and he refused

to take action to defend Plaintiff because "it was a worker's comp issue" or words to that effect which of course, was a lie. KIRK and PRICKETT were never in an authorized position to process any worker's compensation claim or evidence for the Plaintiff.

16. In 2017 through the current date SMITH has repeated a false rumor that the Plaintiff has herpes and this false story has appeared on SHERIFF department employee facebook pages and has been made the subject of jokes and offensive cartoons.

17. In 2017 Defendant's Sgt. KIRK attempted to intimidate an Ohio State Trooper who was friends with the Plaintiff by telling him if he did not admit to KIRK that Plaintiff and the trooper were having sexual relations he would get the trooper fired. Plaintiff filed a complaint of sexual harassment with the SHERIFF over this incident. To the current date the Defendants have never processed the Plaintiff's sexual harassment complaint and it remains pending investigation. The said Ohio State Trooper refused to speak to the Plaintiff after this event.

18. Between 2019 and 2022 the Defendant's officers including SMITH continued to ostracize the plaintiff for making complaints of sexual harassment and advised new hires to not talk to the Plaintiff even when she is serving as OIC as part of their continued employment duties. Plaintiff has made complaints about this problem to KASSINOS and Defendant's agent one Sgt. BENTON and no action has been taken to cure the retaliation and sex discrimination. Refusing to talk to the OIC because she is a woman is discrimination as well as retaliation and it can impair law enforcement efficacy and public safety.

19. In APRIL 2022 Plaintiff's son was severely injured in a motorcycle crash that SMITH responded to in his capacity as a deputy sheriff and when Plaintiff asked him for information about her son's medical condition and crash information, he ignored her because of his hatred for the Plaintiff and a desire to retaliate for her making complaints about his sexual harassment. SMITH did not provide the Plaintiff's son with first responder care as was his duty and instead insisted that he would only talk to the Plaintiff's husband who was not on the scene. Plaintiff was forced to use facebook to find out what happened to her son in the motorcycle crash.

20. Indeed, SMITH arranged to have a barbeque at this residence for the male officers of the Defendant SHERIFF's office in FEB 2021 to discuss strategies to prevent the Plaintiff from being promoted because she is a woman including encouraging the men to make up false disciplinary charges against the Plaintiff and after this meeting Plaintiff was subjected to three false charges by three different male attendees of this BBQ meeting including one by Deputy Cordell CORDEY

5

who claimed Plaintiff was engaged in conduct unbecoming because she was a female who gave him a lecture on how to do his job when she was his supervisor while acting as OIC. Plaintiff was passed over for promotion by Defendant SHERIFF's office and FIZER after this event came to pass.

21. In April 2022, the Defendant SHERIFF's office charged the Plaintiff with conduct unbecoming a deputy sheriff for her making complaints about SMITH calling her a bitch and cunt, fat and gay, and persuading other new hire males employees to speak to her in such terms, and the way SMITH handled himself in the son's motorcycle crash incident and using facebook to investigate the matter. Defendant SHERIFF's office was asked for a copy of the investigative file and PRICKETT said he does not have it and Defendant did not turn it over to the Plaintiff.

22. In DEC 2022 MEEHAN told the Plaintiff "if you fight the cops you die."

23. On 26 AUG 2022, MEEHAN sexually harassed the Plaintiff by requesting oral sex from her while she was cleaning a jam in her service rifle while on her knees attending to the same.

24. On 7 SEPT 2022 Sgt. KIRK assaulted the Plaintiff by putting her into reasonable apprehension of an immediate offensive body contact while both were standing in the SHERIFF office parking lot. KIRK screamed something about an investigation and a confrontation and demanded that the Plaintiff confront and fight him. KIRK was wearing his service weapon and body armor and was uttering his challenge while in a fighting stance from 5 or less feet away from the Plaintiff. MEEHAN was asked to intervene to protect the Plaintiff and he stood there and said nothing and did nothing.

25. In DEC 2022 MEEHAN engaged in internet stalking of the Plaintiff and she made a complaint about it to PRICKETT who then charged her with a discipline offense in retaliation, claiming falsely she did not submit enough evidence to him during a required investigation when in fact she submitted necessary screens shots of Tic Toc activity to make her point.

26. Defendant Department has received over 8 written complaints of sexual harassment filed by the Plaintiff and the Defendant Department, sitting in judgment of itself, either did not make any investigation or dismissed the complaint as unfounded and then engaged in recrimination against the Plaintiff by subjecting her to bogus retaliatory disciplinary events.

27. As a foreseeable direct and proximate results of the Defendant's joint and several conduct, the Plaintiff has suffered a broken arm because of the Defendant's hostile and intimidating conduct, lost teeth from continuous nervous vomiting, lost promotions, wage income from

6

promotions, wage loss from constructive discharge, lost career opportunity, suffered unspeakable humiliation and insult, nightmares, anxiety, and was otherwise damaged.

28. The Defendant's on-going and non-stop illegal conduct, jointly and severally was malicious sex discrimination and amounts to mind warping emotional abuse of ELLIS and Defendant SHERIFF OFFICE and FIZER and CLINTON COUNTY employer retaliation against ELLIS because she is a female who engaged in protected activity by objecting to and protesting sexual harassment on numerous occasions, and the Defendant's conduct is in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e-1 and 3, and Ohio RC 4112.02 (A) and (I).

29. Sheriff FIZER has filed to keep his oath of office and enforce the law in his own SHERIFF's department. He has failed to know and supervise his officers in his command and has tolerated sexual discrimination and harassment and emotional abuse and torment of the Plaintiff.

30. CLINTON COUNTY by its Board of Commissioners has failed to supervise its Sheriff's department and demand professional competency from FIZER and his officers and has tolerated sexual discrimination and harassment and emotional abuse and torment of the Plaintiff by the CLINTON COUNTY SHERIFF'S OFFICE.

31. Every Defendant in this case had a duty to protect the Plaintiff from sex discrimination, retaliation and not intentionally engaged in extreme and outrageous conduct of its employees meant to inflict serious emotional harm on ELLIS and breached that duty intentionally and repeatedly as discussed *supra*. The Defendant's workplace was permeated with hostility towards the Plaintiff because she is a woman making it clear to her she is not welcome because of her sex.

32. All following causes of action are incorporated herein.

## COUNT ONE AND TWO

33. The Defendant's continuous conduct evidences a violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e-1 and Ohio RC 4112.02 (A). Plaintiff damaged as averred.

## COUNT THREE and FOUR

34. The Defendant's continuous conduct evidences a violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e-3 and Ohio RC 4112.02 (I). Plaintiff damaged as averred.

### COUNT FIVE

35. Ohio RC 2921.03 states in part "(A) No person, knowingly and by ...filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, ...in the discharge of the person's the duties of the public servant."

"(C) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section."

36. Defendant's continuous conduct attempting to force the Plaintiff into submitting to an illegal condition in the workplace, to wit, a subordinating hostile work environment as a condition of her performing her continued public service duties in law enforcement constitutes a civil violation of RC 2921.03 via using false written disciplinary charges and spreading false rumors about and against the Plaintiff. Plaintiff was damaged as averred.

### COUNT SIX

37. The intentional continuous conduct of all Defendants and officers identified in this Complaint who have sexually harassed and retaliated against, and assaulted the Plaintiff and subjected her to humiliation and insult with a malicious intent to injure her; or effect a constructive discharge on her by making her wanting to quit severe and intolerable working conditions the employer created; and at the time this Complaint is filed the Plaintiff has now quit her employment with the Defendant Sheriffs' Department effecting constructive discharge as the employer foreseeably intended, is shocking and offensive conduct that is intolerable to accept in a fair, just and reasonable society. The Plaintiff has suffered serious emotional distress requiring medical intervention because of the Defendant's conduct. The Plaintiff was damaged as averred by the Defendant's joint intentional infliction of emotional distress.

### SEVEN and EIGHT

38. KIRK's conduct on 7 SEP 2022 amounts to tortious assault. The Defendant ratified and approved of KIRK's violent behavior towards the Plaintiff. There is no scope of employment

8

defense to this charge given the Defendant retained KIRK after knowing he was a dangerous employee with respect to the Plaintiff; and made KIRK's conduct the official act of the Defendant SHERIFF's office and CLINTON COUNTY and FIZER when MEEHAN refused to intervene and protect the Plaintiff from the assault. Moreover, the Defendants jointly were aware that KIRK was harassing the Plaintiff because of her sex and was openly hostile towards her on prior occasions and had a duty to terminate his employment to protect the Plaintiff and the public from an incompetent and we can infer emotionally disturbed officer and did not. Plaintiff was damaged as averred.

WHEREFORE, the Plaintiff demands JUDGMENT against the Defendants jointly and severally in an amount of money in excess of ten million dollars for compensatory and punitive damages, interest, costs and attorney fees.

## JURY DEMAND

Plaintiff demands a trial by six jurors.

Respectfully Submitted,

/s/ Michael Terrence Conway, Esq.
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com