UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALICIA ELLIS, | : | Case No. 1:23-cv-341 |
| *Plaintiff,* | : | |
| vs. | : | |
| CLINTON COUNTY BOARD OF COMMISSIONERS, *et al.*, | : | Judge Jeffery P. Hopkins |
| *Defendants.* | : | |

## OPINION AND ORDER

This case is about alleged misconduct at an Ohio sheriff's office. Plaintiff Alicia Ellis has filed a lawsuit against her former employer, Defendant Clinton County, Ohio Sheriff's Office (the "CCSO"), and two of her former co-workers, Sergeant Christopher Kirk, and Clinton County Sheriff Ralph D. Fizer, alleging various employment discrimination claims under Title VII and Ohio law, as well as tort claims under Ohio law.

Pending before the Court is Defendant Christopher Kirk's Motion for Judgment on the Pleadings (the "Motion"). Doc. 13. For the reasons below, the Court **GRANTS** in part, and **DENIES** in part, Kirk's Motion.

I.     BACKGROUND

Ellis is a licensed law enforcement officer that began her career as a sheriff's deputy for the CCSO on May 24, 2016. Doc. 8, PageID 55. As a deputy, one of her superiors was Defendant Christopher Kirk. *See id.* at 54.

Relevant to this Motion, Ellis alleges discrimination and unlawful behavior directed towards her by CCSO and its employees, including Kirk. For example, starting in 2016, she alleges her field training officer began a pattern of making sexually harassing phone calls and

texts to her. *Id.* The officer even began to pursue Ellis for sexual favors and sent her a text of his genitalia. *Id.* at PageID 56. She alleges that this negatively influenced her career as the officer claimed he gave her poor performance reviews for not accepting the electronic advances so that "people would not think we were f******." *Id.* at PageID 55–56.

Ellis makes three main allegations in this vein regarding Kirk. First, Ellis alleges that after she was harmed in the line of duty in 2017 and she went to have a medical exam, Kirk "pushed his way into the examination room while [Ellis] was undressed and claimed he had to watch 'for worker's compensation purposes.'" *Id.* She claims that after she demanded that Kirk leave, he refused and stood in the room smiling while she was being examined and discussed her medical history with staff. *Id.* at PageID 56–57. Ellis later learned that other officers somehow received photos of her in the examination room at the hospital. *Id.* at PageID 57.

Second, Ellis alleges that Kirk "attempted to intimidate an Ohio State Trooper who was friends with [Ellis]" by demanding that he admit to Kirk that Ellis and the trooper were having sexual relations. *Id.* Ellis claims that Kirk threatened to get the trooper fired if he did not admit as much. *Id.* She further alleges that the trooper now refuses to speak with her after this incident and that she filed a complaint of sexual harassment with her employer that was never processed. *Id.*

Last, Ellis states that on September 7, 2022, Kirk assaulted her while in the CCSO parking lot. *Id* at PageID 58. Apparently, Kirk was screaming at Ellis about an investigation and then confronted her, demanding that Ellis fight him. *Id.* Ellis alleges that Kirk was wearing his service weapon and body armor at the time while "uttering his challenge in a fighting stance from 5 or less feet away from" her. *Id.*

2

Based on these events and other incidents, on June 5, 2023, Ellis filed a Complaint in this Court against Defendants Clinton County Board of Commissioners, Sheriff Ralph D. Fizer, and the CCSO. Doc. 1. Ellis later filed her Amended Complaint on August 1, 2023, which dropped the Clinton County Board of Commissioners as a defendant and added Kirk. Doc. 8. In the Amended Complaint, Ellis brought eight total claims, including claims for sex discrimination and retaliation under both Title VII and Ohio law (Counts I–IV), public servant intimidation (Count V), intentional infliction of emotional distress ("IIED") (Count VI), assault (Count VII), and negligent retention of a dangerous employee (Count VIII). *Id.*

After Defendants filed their Answer to the Amended Complaint (Docs. 10, 11), Kirk moved the Court for judgment on the pleadings on all claims against him. Doc. 13. That Motion is now pending before the Court.

## II. STANDARD OF REVIEW

Kirk filed this Motion pursuant to Rule 12(c) and 12(b)(1). Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to

3

judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

The similarities between the rules are apparent, making clear why courts in this circuit take comfort in applying them interchangeably. Under Fed. R. Civ. P. 12(b)(6) a plaintiff must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). "To survive a motion to dismiss, in other words, [the plaintiff] must make sufficient factual allegations that, taken as true, raise the likelihood of a legal claim that is more than possible, but indeed plausible." *Id.* (citations omitted).

In making that assessment, the court similarly must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation omitted). That is true, however, only as to factual allegations. The court need not accept as true Plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the well-pled facts must be sufficient to "raise a right to relief above the speculative level," such that the asserted claim is "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 546–47. Under the *Twombly*/*Iqbal* plausibility standard, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

Rule 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. "The existence of subject matter jurisdiction may be raised at anytime, by any party, or even *sua sponte* by the court itself." *Ogle v. Church of God*, 153 F. App" 371, 374 (6th Cir. 2005). A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack*). United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of a Rule 12(b)(1) analysis. *Id.*

A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir.2004).

**III. LAW AND ANALYSIS**

Ellis alleges employment and tort claims against Kirk. Regarding the employment claims, or Counts I–IV, Ellis argues that Kirk's "continuous conduct" amounts to sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and

Ohio Rev. Code § 4112.02(A).[1] Doc. 15, PageID 103; Doc. 8, PageID 53, 59–60. Ellis also argues that Kirk's conduct as alleged in the Amended Complaint amounts to IIED and tortious assault (Counts VI–VII). Doc. 15, PageID 107. The Court will address the employment claims against Kirk, followed by the tort claims.

### A. The Employment Claims Against Kirk.

Kirk moves for judgment on the pleadings regarding the employment claims because he was not Ellis's employer—Defendant CCSO was. Doc. 17, PageID 124. The Court finds this issue dispositive.

"When an employee has already sued a corporate employer under Title VII, an official capacity suit against a supervisor adds nothing to the litigation." *Campbell v. Ohio Dep't of Rehab. & Corr.*, No. 2:21-cv-4223, 2022 WL 3682293, at *5 (S.D. Ohio Aug. 25, 2022) (quoting *Ankofski v. M&O Mktg.*, Inc., 218 F. Supp. 3d 547, 553 (E.D. Mich. 2016)). Official capacity liability is "simply another avenue for a plaintiff to establish liability on an employer," as the employer would be responsible for any relief the plaintiff is entitled to by virtue of their official capacity suit against an employee. *Maudlin v. Inside Out Inc.*, No. 3:13-CV-354, 2014 WL 1342833, at *4 (S.D. Ohio Apr. 3, 2014). As a consequence, suing supervisors in their official capacities, in addition to suing the employer, is "redundant and duplicative" and warrants dismissal. *Id.*

---

[1] Because Ohio Rev. Code §§ 4112.02 *et seq.* utilize the same analytical framework as Title VII discrimination claims, "the federal case law governing Title VII actions is generally applicable to cases involving alleged violations of § 4112." *Williams v. Ford Motor Co.*, 187 F.3d 533, 538 (6th Cir.1999) (citations omitted). "As such, any discussion regarding Title VII is equally applicable to [Ellis]'s state law claims for sex discrimination under § 4112." *Vigil v. STS Sys. Integration, LLC*, No. 3:18-cv-324, 2019 WL 4674562, at *3 n.1 (S.D. Ohio Sep. 25, 2019).

Ellis sues Defendants CCSO and Kirk in his official capacity under the same employment discrimination allegations. *See* Doc. 8, PageID 59–60. Her counts of sex discrimination and retaliation make no distinction between the CCSO and Kirk (or any other defendant for that matter). Ellis's claims against Kirk are therefore redundant because if she establishes liability against Kirk in his official capacity, she recovers damages from the CCSO. As a result, the Court **GRANTS** Kirk's Motion as it relates to the employment claims (Counts I–IV) against him. *See, e.g., Campbell*, 2022 WL 3682293, at *5 (dismissing Title VII claims against supervisors in their official capacity when the government entity employer was a party to the action).[2]

### B. Tort Claims Against Kirk.

Kirk makes two principal arguments concerning Ellis's assault and IIED claims. He argues that those claims should be dismissed because: (1) the claims are barred by the statute of limitations; (2) the Court lacks subject matter jurisdiction over the state-law claims against Kirk and the Court should decline to exercise it. Doc. 13, PageID 92–96. The Court will address each argument in turn.

#### i. Statute of Limitations.

Under Ohio law, assault and IED claims have two different statutes of limitations. Kirk contends that both claims must be dismissed because they are time-barred. *Id.* at PageID 92. The Court finds that Ellis's assault and IIED claims are not entirely time barred, with the

---

[2] Insofar as Ellis is bringing claims under Title VII and Ohio Rev. Code § 4112 against Kirk in his *individual capacity*, her claims suffer the same fate. *See Norman v. RK Holdings, LLP*, No. 2:22-CV-3704, 2024 WL 1347448, at *3 (S.D. Ohio Mar. 29, 2024) ("Because O.R.C. 4112.08(A), like Title VII, bars Plaintiff from bringing a claim for individual supervisor liability, in this case, his individual capacity claims against Mr. Amrine in Count I fail to state a claim upon which relief can be granted.").

exception that any IIED claim against Kirk that accrued during or before 2017, as stated in the Amended Complaint, is barred by the applicable statute of limitations.

### a. Assault.

The applicable statute of limitations for assault claims is "one year after the cause of action accrues." Ohio Rev. Code. § 2305.111(B). When the plaintiff knows the identity of the person who allegedly committed the assault, an assault claim accrues upon "[t]he date on which the alleged assault occurred." Ohio Rev. Code. § 2305.111(B)(1).

Ellis alleges in her Amended Complaint that Kirk's conduct on September 7, 2022, amounts to assault. Doc. 8, PageID 61. Ellis filed this lawsuit on June 5, 2023, or within a year from that alleged assault. Accordingly, the statute of limitations did not expire on the assault claim.

### b. IIED.

"The applicable statute of limitations for a claim of intentional infliction of emotional distress under Ohio law is the four-year limitation period in Ohio Revised Code § 2305.09." *Monak v. Ford Motor Co.*, 95 F. App'x 758, 761 (6th Cir. 2004) (citing *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 6 Ohio B. 421, 453 N.E.2d 666, 672 (Ohio 1983), abrogated on other grounds by *Welling v. Weinfeld*, 866 N.E.2d 1051, 1059 (Ohio 2007)). "But claims against employees of a political subdivision are subject to the two-year statute of limitations set forth at Ohio Revised Code § 2744.04(A), which prevails over the general statutes of limitations contained in R.C. Chapter 2305." *Kerr v. Pollex*, No. 22-3993, 2023 U.S. App. LEXIS 21064, at *9 (6th Cir. Aug. 11, 2023) (quotes omitted). Under Ohio law, an IIED claim "accrues and the statute of limitations begins to run at the time the wrongful act is committed and the emotional impact is felt." *Bremar v. Ohio Univ.*, 2022-Ohio-1382, ¶ 37 (Ohio App. Ct. 2022).

The only allegations in the Amended Complaint that involve Kirk include ones that state: (1) in 2017, uninvited and against her wishes Kirk entered Ellis's hospital room while she was undressed; (2) in 2017, Kirk attempted to intimidate one of Ellis's friends by insisting that he admit that Ellis and the friend were having sexual relations; and (3) on September 7, 2022, Kirk confronted Ellis, screamed at her, and demanded that she fight him while standing only five feet away from Ellis and wearing his service weapon and body armor. Doc. 8, PageID 56–58. As such, regardless of whether the four- or two-year statute of limitations applies to Ellis's IIED claims against Kirk, any claims related to the two 2017 incidents are time-barred. However, just as in the case of the assault claim, Ellis's IIED claim survives insofar as it relates to an alleged incident that occurred on September 7, 2022, well before expiration of either the two or four-year statutes of limitations.[3]

### ii. Subject Matter Jurisdiction.

Kirk argues that this Court does not have subject matter jurisdiction over Ellis's tort claims because there is "no common nucleus of operative fact" with the federal employment claims. Doc. 13, PageID 92–93. Ellis argues that Kirk's conduct beginning in 2017 is evidence that proves her "continuing Title VII . . . sexual harassment claim." Doc. 15, PageID 107–08. For the reasons that follow, the Court finds that it has subject matter jurisdiction over the tort claims alleged in the Complaint.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims

---

[3] Ellis does not make the argument that Kirk's actions are a continuing violation concerning her IIED claim, so it is deemed waived. *See Printup v. Dir., Ohio Dep't of Job & Family Servs.*, 654 F. App'x 781, 789 (6th Cir. 2016) (holding that a party has waived a continuing violation argument when it is not raised in response to a motion to dismiss). Regardless, "[c]ourts have been extremely reluctant to apply this doctrine outside the context of Title VII." *Nat'l Parks Conservation Ass'n v. TVA*, 480 F.3d 410, 416 (6th Cir. 2007).

9

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The question of whether a court has properly assumed supplemental (pendent) jurisdiction "remains open throughout the litigation." *United Mine Workers v. Gibbs*, 383 U.S. 715, 727, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id.* at 726–27. The test in *Gibbs* remains the standard for supplemental or pendent jurisdiction:

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021) (quoting *Gibbs*, 383 U.S. at 725).

In an analogous scenario, this Court has found that it had supplemental jurisdiction over an IIED claim against a defendant supervisor where federal claims against the defendant employer were still pending because the claims were "closely related [in] nature." *See, e.g., Johnson-Scott v. Risch*, Case No. C-3-95-459, 1996 U.S. Dist. LEXIS 20160, at *20 (S.D. Ohio Sep. 1, 1996). In that case, the Court found that it had supplemental jurisdiction over an IIED claim against the defendant supervisor even after it dismissed a Title VII claim the same defendant. *Id.* at *8–9, 20 (dismissing Title VII claim against the defendant supervisor in his official capacity but retaining jurisdiction for an IIED claim against the supervisor where the plaintiff sued the defendant employer and supervisor for claims arising out of the same set of facts and circumstances).

10

The Court's conclusion here is no different. Ellis has pled Title VII sex discrimination and retaliation against the CCSO under a continuous violation theory. Doc. 8, PageID 59–60. She has pled that Kirk's 2017 conduct that includes walking into her hospital room and watching her while she was undressed purportedly "for worker's compensation purposes," and attempting to force another police officer to admit he was engaging in sexual relations with Ellis, was part and parcel of the sexual discrimination she experienced at her work. *Id.* at PageID 56–60. She also argues that the September 7, 2022, incident was part of CCSO's continuous conduct that amounts to a hostile work environment based on her sex. *Id.* at PageID 59.

Under the circumstances, the Court finds that there is a common nucleus of fact between the Title VII claims against the CCSO and the related state law claims asserted against Kirk. The Court will thus exercise supplemental jurisdiction over the state law tort claims asserted against Kirk. As a result, the Court **DENIES** Kirk's Motion as it relates to Ellis's assault claim (Count VII) and her IIED claim (Count VI). However, the Court notes that Ellis's IIED claim against Kirk is limited to events that accrued within the applicable statute of limitations; any claims against Kirk predicated on events that occurred in 2017, i.e., those that took place at least five years before Ellis initiated this case, are time-barred.

## IV.  CONCLUSION

For the reasons stated, the Court **GRANTS** in part, and **DENIES** in part, Defendant Kirk's Motion for Judgment on the Pleadings. The Court **GRANTS** Kirk's Motion as it relates to the employment claims (Counts I–IV) against him. The Court **DENIES** Kirk's Motion as it relates to Ellis's assault claim (Count VII) and her IIED claim (Count VI).

However, Ellis's IIED claim against Kirk is limited to events that occurred within the applicable statute of limitations.

**SO ORDERED**

September 12, 2024

*Jeffery P. Hopkins*
Jeffery P. Hopkins
United States District Judge