UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALICIA ELLIS, | : | Case No. 1:23-cv-341 |
| *Plaintiff*, | : | |
| vs. | : | |
| CLINTON COUNTY BOARD OF COMMISSIONERS, *et al.*, | : | Judge Jeffery P. Hopkins |
| *Defendants*. | : | |

## OPINION AND ORDER

Pending before the Court is Defendants' Unopposed Motion for Leave to File Deposition Transcripts Under Seal, or in the Alternative, to File Redacted Transcripts ("Motion to Seal") (Doc. 32). For the reasons below, the Court **DENIES** the Motion to Seal **WITHOUT PREJUDICE**.

**I.      LAW AND ANALYSIS**

Defendants' Motion to Seal seeks leave to file transcripts and exhibits introduced during depositions of current and former Clinton County Sheriff's Office employees, including Plaintiff Alica Ellis, Defendant Christopher Kirk, and Sergeant Terrence Meehan. Doc. 32, PageID 883. The Motion to Seal states that "[t]he transcripts and exhibits introduced during these depositions additionally contain materials and discussion of a graphic and sexually explicit nature including those referencing nonparties, allegations of sexual misconduct, and residential and family information of current and former law enforcement officials." *Id.* The Motion to Seal also acknowledges that "[o]nly the most compelling reasons can justify non-disclosure of judicial records," *id.* (citing *Shane Grp., Inc. v. Blue Cross Blue*

*Shield*, 825 F.3d 299 (6th Cir. 2016)), but only provides conclusory reasons why these compelling reasons exist. *Id.*

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Therefore, "a motion to seal must address each document the moving party wants to seal or redact." *See Duff v. Centene Corp.*, No. 1:19-CV-750, 2022 WL 3151889, at *2 (S.D. Ohio Aug. 8, 2022).

Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176. The Court's obligation to set forth specific findings and conclusion justifying

sealing "is independent of whether anyone objects to [the Motion to Seal]," and failure to do so is itself grounds to vacate an order to seal. *Shane Grp.*, 825 F.3d at 306.

Here, the Motion to Seal is unopposed. However, Defendants, as the proponents for sealing exhibits offered as evidence in this case bear a substantial burden under Sixth Circuit precedent binding this Court which requires them to present a detailed, document-by-document analysis justifying nondisclosure to the public. *See id.* at 305–06. In addition, *Shane Grp.* requires that Defendants provide **specific reasons for nondisclosure** and **legal citations**. *Id.* This detailed analysis is especially salient here where the subject matter of the case— allegations of misconduct in a local sheriff's office—likely implicates an important public interest. The Motion to Seal in its present form falls well short of meeting the burden for justifying nondisclosure of court records to the public set forth under *Shane Grp.*, and its progeny.

Accordingly, the Motion to Seal (Doc. 32) is **DENIED WITHOUT PREJUDICE TO REFILING**. Defendants may make a renewed Motion to Seal consistent with this order.

II. **CONCLUSION**

For the reasons stated, the Court **DENIES** Defendants' Motion to Seal **WITHOUT PREJUDICE TO REFILING**.

**SO ORDERED**

September 24, 2024

Jeffery P. Hopkins
United States District Judge